UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES CASTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:23-cv-00193 (UNA) |
| v. ) | |
| ) | |
| JOSEPH BIDEN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* submission, ECF No. 1, which the court will generously construe as a complaint, an application for leave to proceed *in forma pauperis*, ECF No. 2, and what appears to be a motion for a temporary restraining order ("TRO"), ECF No. 3. The court will grant the *in forma pauperis* application, dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and deny the motion for TRO.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, plaintiff, who resides in Houston, Texas, sues President Biden, Ashley Biden, and current United States Attorney General and retired Federal Judge, Merrick Garland. Preliminarily, the court notes that both the complaint and motion for TRO are procedurally defective. Neither the complaint nor the motion (1) is captioned for this court, (2) clearly identify the nature of the

intended submission, (3) properly identify the parties and their contact information, or (4) follow the required format.  *See* Fed. Rs. Civ. P. 7(a)–(b), 10(a)–(b); D.C. LCvR 5.1(c)(1), (d), (g).

The allegations themselves fare no better.  Plaintiff alleges that defendants have violated several Constitutional Amendments by their alleged involvement in "domestic violence, and rape, and sodomy, morale turpitude, identity theft, over observation, false imprisonment, white slavery, pimping, sex trafficking, money laundering, torture, control of property, human rights, civil rights, breaking and entering a habitation, vandalism of plaintiff['s] vehicle, [and] distribution of steroids." He demands that the court "compel defendants [] to a jury trial, and to order the six feet rule[.]"  No other information or context is provided.

The court cannot exercise subject matter jurisdiction over a frivolous complaint.  *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' "), quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08.  The instant complaint satisfies this standard.

Plaintiff's "attachment for temporary restraining order," construed as a motion for TRO, also demands "help," in the form of "an immediate hearing, to prevent domestic violence," arguing that defendants "are guilt[y] of fraud and embezzlement, over observation, official oppression,

identity theft, moral turpitude, rape and sodomy, money laundering, and prostitution[.]" The court finds that the motion is equally as frivolous as the complaint.

Consequently, the complaint, ECF No. 1, is dismissed without prejudice, and the motion for TRO, ECF No. 3, is denied. A separate order accompanies this memorandum opinion.

Date: February 9, 2023

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge